TERENCE MOURNIN v. FELIX TRAINOR.[1]

December 19, 1895.

Nos. 9526—(87).

Specific Performance—Oral Contract—Part Performance—Statute of Frauds.

*Held,* that the evidence in this case, which was brought to enforce specific performance of an oral agreement to convey certain real property to plaintiff, was ample to support the findings of fact to the effect that at the same time a sufficiently definite and certain agreement was made between the parties

[1] Reported in 65 N. W. 444.

that plaintiff might enter into possession of the premises and improve the same, and that the subsequent acts of the plaintiff, who took possession, built a dwelling house, and has ever since resided therein, resulted from and were in pursuance of such agreement; and, further, that the evidence and the findings warranted the conclusion that there had been sufficient part performance of the oral agreement to convey to take the case out of the provisions of the statute of frauds.

Evidence.
   Alleged error in the admission of certain testimony considered and disposed of. ·

Action in the district court for St. Louis county to enforce specific performance of an agreement to convey real estate. The complaint alleged in substance that at the instance and for the convenience of plaintiff and with defendant's consent, plaintiff caused the real estate in controversy to be conveyed to defendant; that in consideration thereof defendant agreed that plaintiff might enter into possession and improve the same and that on demand he would convey and cause to be conveyed the premises to plaintiff clear of incumbrances, except that he should not be obliged to remove any incumbrance subsisting thereon prior to the conveyance to him; that in reliance thereon plaintiff entered into possession and with the knowledge and consent of defendant improved the same; that defendant had refused to convey to plaintiff on demand. The answer was a general denial. The case was tried before Moer, J., who found in substance that the allegations of the complaint were true and also found that, by the terms of the instrument by which said premises were conveyed to defendant, he assumed and agreed to pay a certain mortgage indebtedness of $500 and interest, which was then a lien upon said premises to be paid by the firm of Trainor Brothers, which firm was composed of defendant and one Dennis Trainor; and that subsequent to such payment, the amount thereof was charged against plaintiff on certain transactions had by him with said firm, and was, in an action theretofore tried, between this plaintiff and said firm, adjusted and settled; that the consideration paid for said premises to the grantors of defendants was furnished by said firm on account of plaintiff, and was by them charged against plaintiff, he, plaintiff, being then in the employ of said firm; and that the amount of said payment was likewise in said action adjusted and settled, and that all indebtedness of plaintiff to defendant, or to said firm on account of any of the

matters above referred to, had been paid and cancelled. As conclusion of law the court found that plaintiff was entitled to a decree that defendant convey to him the premises. From an order denying a motion for a new trial, defendant appealed. Affirmed.

*T. E. Byrnes*, for appellant.

*William A. Cant*, for respondent.

COLLINS, J. Counsel for defendant, appellant, has specified 26 assignments of error, but it is not necessary for us to refer to them in detail, or even to discuss them in as general a manner as has counsel. There was little or no real controversy over the facts, and in our opinion there was a sufficiently definite and certain oral agreement between the parties that plaintiff was to take possession of the lot in dispute and build a house upon it, and the evidence clearly showed that the subsequent acts of plaintiff referred to resulted from and were made in pursuance of such agreement. The verbal agreement made by defendant to convey was therefore taken out of the statute of frauds by part performance. Defendant well knew, when he agreed to convey, that it was plaintiff's purpose to take immediate possession, and to build a house. He knew what improvements were being made as the work progressed, and made no objection. It may be true that defendant did not say to plaintiff, in unmistakable and unequivocal language, that the latter might enter upon the premises and make the contemplated improvements; but, passively at least, he assented to and acquiesced in plaintiff's proposition so to do. He was informed of the latter's purpose and design when agreeing to convey the lot, and led him to understand that he consented to all that was intended and proposed; and as the plaintiff went on with his improvements defendant's assent and acquiescence continued. On the faith of defendant's promise to convey, and his implied agreement that plaintiff might take possession and build, the latter was induced and encouraged to alter his situation to such an extent that a refusal to enforce the oral promise would inflict "an unjust and unconscientious injury and loss" upon him. On the principles of estoppel, the defendant cannot be allowed to avail himself of the provisions of the statute of frauds. See Brown v. Hoag, 35 Minn. 373, 29 N. W. 135.

The complaint was evidently drawn upon the theory that defend-

ant paid no part of the purchase price of the lot, and was not to pay any part of it, and, further, that plaintiff had paid or was to pay the entire amount of the consideration of the deed through which defendant obtained the title of record. It was therefore proper to show that defendant had not paid, and, on the contrary, that plaintiff had. This was the purpose of the proof relative to the issues made by the pleadings, and to the evidence, in a suit which had theretofore been tried and determined between plaintiff and the firm of which defendant was a member. From the evidence in that case it conclusively appeared that, at plaintiff's request, this firm paid the money, a part at the time the lot was deeded to defendant, and the balance, due upon a mortgage, at a subsequent time, charging both sums to plaintiff, who was then in their employ, and that the full amount was credited to the firm in the course of that litigation. The defendant, individually, never paid a dollar of the consideration, but the firm did, and the amount entered into the verdict in the action referred to as a charge against this plaintiff.

Order affirmed.