SURGICAL SUPPLY CENTER, Inc. et al v. INDUSTRIAL COMMISSION OF UTAH, DEPARTMENT OF EMPLOYMENT SECURITY.

No. 7390. Decided November 6, 1950. (223 P. 2d 593)

See 18 C.J.S., Corporations, sec. 5. Corporations as legal entities separate from stockholders even though they are same persons, 154 A.L.R.260. See, also, 13 Am. Jur. 157.

*Owen G. Reichman, Martin M. Larson,* Salt Lake City, for plaintiffs.

*Clinton D. Vernon,* Attorney General, *Fred F. Dremann,* Salt Lake City, for defendant.

LATIMER, Justice.

This case presents substantially the same principles discussed by us in the case of *Canada Dry Bottling Company of Utah et al* v. *Board of Review, Industrial Commission,* 118 Utah 619, 223 P. 2d 586, this day decided, and the pertinent facts involved are similar to those presented in that case. However, in the instant proceedings, plaintiffs have advanced additional arguments and emphasized some factors which, they contend, distinguish it from the Canada Dry Bottling Company case.

The facts upon which this controversy is based are substantially these: In December, 1938, Mr. James F. Robinson became the sole owner of the Professional Pharmacy, located in Salt Lake City, Utah. In November, 1942, he purchased the assets of the Surgical Supply Center, also located in that city. Both businesses were operated by Robinson personally until January 3, 1944, when he entered into a partnership agreement with two of his employees. Under the terms of this agreement, Robinson acquired an eighty percent interest in the partnership and the other two partners each received a ten percent interest. The two minority partners were employed by the partnership and had a drawing account which was charged against their respective shares in the partnership profits when the annual accounting was made. This accounting was based

upon the combined income and profit or loss received by the partnership from the operation of the two enterprises. The books of each of the two businesses were kept separately, each having its own accounts, records and bank account. They were physically separate and each was operated as a separate venture. The partnership prospered and as the volume of business increased the partners concluded to form two separate and distinct corporations. One of the newly formed corporations purchased the partnership assets credited on the books to the Surgical Supply Center and the other the assets credited to the Professional Pharmacy. The two bills of sale evidencing the transfer were executed on October 1, 1947.

On May 14, 1948, the Department of Employment Security of the Industrial Commission of Utah notified the two corporations that the inheritance rating mentioned in the Unemployment Compensation Act was not available to them and that their contribution rates, beginning as of October 1, 1947, would be 2.7 percent. The companies requested a hearing, and after a hearing on the matter the Appeals Referee of the Department rendered a decision upholding the rate set by the Department, which decision was sustained by the Board of Review of the Commission. The controversy was then brought before this court on a petition for writ of review.

Plaintiffs advance three theories, and assert that any one of them will support their claim for a reversal of the decision. They contend that they are entitled to inherit the reduced rating from the predecessor partnership because (1) each of the two corporations acquired, respectively, all of the assets of each of the enterprises operated separately by the partnership; (2) the stock of the new corporations is owned by the partnership, and the partnership is, therefore, still the employer; and (3) the provisions of paragraph (d) (5) of Section 42—2a—7, Chap. 56,

Laws of Utah 1947, relative to reorganizations are applicable to plaintiffs.

The first of the above contentions was considered and decided adversely to plaintiffs by us in the case of *Canada Dry Bottling Company* v. *Industrial Commission, supra.* Under our holding in that case the plaintiff corporations do not qualify for a reduced rate because (1) the two ventures carried on by the partnership prior to October 1, 1947, were not separate "employing units" as that term is defined by Section 42—2a—19 (h) of Chapter 59, Laws of Utah 1947; and (2) neither of the new corporations acquired "substantially all" of the assets of the partnership, as required by Section 42—2a—7 (c) (1) (C), Chapter 56, Laws of Utah 1947. The acquisition by each of the corporations of approximately one-half of the partnership's assets precludes any possibility that either of them acquired substantially all of its assets.

Plaintiffs next contend that the partnership owns all of the two corporations, with the exception of five qualifying shares; that these two corporations were organized merely to estabilsh operating mediums for the two businesses of the partnership; and, hence, the partnership, for the purposes of this statute, should continue to be regarded as the employer, and the new companies should be entitled to the rate it has earned.

In advancing this argument plaintiffs overlook well established principles of law relating to corporations. A corporation is a statutory entity which is regarded as having an existence and personality distinct from that of its members or stockholders. This is so even though the stock is owned by a single individual or different corporations. The fact that the stockholders of two corporations may be the same persons does not operate to destroy the legal identity of both corporations. In making his statement to the referee, counsel for plaintiffs

stated that a desire to avoid personal liability for future business obligations was one of the reasons for incorporating the two companies. That reason argues against the present contention as the liability for payment of the contributions must fall on the employer, and we venture the opinion that if the department was seeking to hold the partnership liable for the payment plaintiffs would not urge this court to disregard the corporate entities, look through the veil of the corporate structures, and determine that the partnership and the two corporate entities were all one and the same for the purposes of determining the liability for the payment of unemploying compensation contributions.

An argument similar to plaintiffs' was discussed by the Supreme Court of Michigan in the case of *Ned's Auto Supply Co.* v. *Michigan Unemployment Comp. Com.*, 313 Mich. 66, 20 N. W. 2d 813, 816, and held to be without merit. There a copartnership operated a retail service station and automotive accessory business under one trade name, and a wholesale business under another. Subsequently, two corporations were formed. One-third of the assets of the copartnership were transferred to one corporation and two-thirds to the other. The former partners held all the stock in both corporations. The corporations claimed they were entitled to succeed to the experience rating of the copartnership. After discussing the provisions of the Michigan statute, the court said: "It is clear that the two corporations could not qualify as a single employing unit under the provisions of said section 22 (a) (1), (2), and (3), unless their corporate entities were disregarded. Plaintiffs argue that because the five partners continued as owners of the corporate stock of the two corporations and as directors and officers thereof, the corporate entities should be disregarded and they should be considered as a single employing unit. We cannot agree with this argument, because plaintiff corporations are two separate and distinct legal

entities and, therefore, two separate employers. We recognize that the courts have often looked through the veil of corporate structure in order to prevent fraud or injustice. *Old Ben Coal Co.* v. *Universal Coal Co.*, 248 Mich. 486, 227 N. W. 794; *People ex rel. Attorney General* v. *Michigan Bell Telephone Co.*, 246 Mich. 198, 224 N. W. 438 However, no question of fraud is involved in the present case, and we find no occasion to disregard the corporate entities of the two plaintiffs. A single partnership had been split into two separate corporations, and under section 22 quoted above they could not be combined as a 'single' successor employing unit."

The Court of Appeals of Georgia, Division No. 2, in the case of *Schwob Manufacturing Co.* v. *Huiet*, 69 Ga. App. 285, 25 S. E. 2d 149, held adversely to plaintiffs' contention. There, the principal stockholder of a newly formed corporation, who had operated the business as an individual enterprise prior to the incorporation, contended that the benefit experiences of the individual enterprise and the corporation should be combined to determine the rate of contribution. The opinion by Judge *Sutton* contains the following language: "While upon equitable principles the legal entity of a corporation may be disregarded when it is the mere alter ego or business conduit of an individual, or when the notion of its legal entity is used to defeat public convenience, justify wrong, protect fraud, or defend crime (1 Fletcher, Cyc. Cor., 135), still it is the general rule that although one person owns all the stock of a corporation he and the corporation are in law two separate and distinct persons. *Shingler* v. *Shingler*, 184 Ga. 671, 672 (3), 192 S. E. 824; *Independent Gasoline Co.* v. *Bureau of Unemployment Comp.*, 190 Ga. 613, 614, 10 S. E. 2d 58. This is also true in respect to tax problems. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435 (5), 54 S. Ct. 788, 78 L. Ed. 1348."

In the instant case, the partnership sold its assets, consisting of the going concerns, to the two newly formed corporations. By doing so, and by becoming a stockholder in the corporation, the partnership changed its relationship to the businesses and its status as an employer ceased. A stockholder is not an "employer" or an "employing unit" within the meaning of the Employment Security Act. The two newly formed corporations are distinct entities and each has assumed the responsibility for the management of the venture acquired by it. The liability for obligations, including the duty to pay the unemployment contributions as required by the Employment Security Act, rests upon the separate corporations and not upon the partnership.

Lastly, plaintiffs contend that Paragraph (d) (5) of Section 42—2a—7, Chap. 56, Laws of Utah 1947, should be applied to them. That section provides as follows: "For the purpose of this subsection two or more employing units which are parties to or subject of a merger, consolidation, or other form of reorganization effecting a change in legal identity or form shall be deemed to be a single employing unit if (A) immediately after such change the employing enterprises of the predecessor employing unit or units are continued solely through a single employing unit as successor thereto, and (B) immediately after such change such successor is owned or controlled by substantially the same interests as the predecessor employing unit or units. Effective as of the date of any such change in legal identity or form, the Commission shall for purposes of rate determination transfer to the successor the pay roll record and the experience-rating record of the predecessor. The successor's contribution rate from such date to the end of the current rate year shall be a newly formed computed rate determined in accordance with the provisions of this subsection and based upon the combined experience of the pre-

decessor and successor as of the regular computation date for the rate year in which such change was effected."

Without discussing the question of whether or not this subsection was repealed before becoming effective, plaintiffs appear to reverse what we believe the legislature sought to accomplish. The section mentions the merger, consolidation or reorganization of two or more employing units. Here we have only one predecessor employing unit, namely, the partnership. It did not merge or consolidate with other employing units or reorganize. Moreover, after the conversion the employing enterprises of the predecessor unit were not continued through a single unit as successor thereto, as required by arm (A). Under our holding there were two employing units as successors.

We conclude that the plaintiffs have not met the statutory requirements to entitle them to a rate of less than 2.7 percent on wages paid during the period involved.

The order of the Commission is affirmed.

PRATT, C. J., and WOLFE and McDONOUGH, JJ., concur.

WADE, J., dissents, for the reasons stated in his dissenting opinion in the case of *Canada Dry Bottling Company of Utah et al.* v. *Board of Review, Industrial Commission,* 218 Utah 619; 223 P. 2d 586.