## MORLEY v. WILLDEN et al.

No. 7476.   Decided September 18, 1951.   (235 P. 2d 500.)

See 58 C. J. S., Mines and Minerals, sec. 246. Partners, accounting between. 40 Am. Jur., Partnership, secs. 323 et seq.

*Merrill C. Faux, Sam D. Thurman,* Salt Lake City, for appellant.

*Cline, Wilson & Cline,* Milford, for respondents.

HENRIOD, Justice.

The voluminous record in this case contains considerable uncontroverted and much controverted evidence. A careful examination thereof leads us to conclude that the trial court's findings and decision are supported by a fair preponderance of the evidence and should remain undisturbed, under the principle repeatedly enunciated by this court and reflected in *Stanley* v. *Stanley,* 97 Utah 520, 94 P. 2d 465. The judgment is affirmed with costs to respondents.

WADE, McDONOUGH, and CROCKETT, JJ., concur.

WOLFE, Chief Justice (concurring).

This is an action for accounting between alleged mining partners. The assignments of error take exception to the findings of fact and conclusions of law drawn therefrom. A review of the record and consideration of the memorandum of facts drawn up by Mr. Justice Henriod and circulated amongst the members of this court leads us to sustain the trial court's findings of fact and conclusions of law, that the "partnership or joint venture" was limited in geographical area to a non-productive mine. The evidence sustains the holding that plaintiff is not entitled to share in the profits of a productive mine, claimed and worked by the defendants. There is no breach of a fiduciary duty between the so-colled partners, and the plaintiff by his conduct indicated that he did not consider himself a partner in the successful mine until this suit was brought. Therefore, I concur.

I think the brief opinion filed in this case satisfies the constitutional requirement that:

"When a judgment or decree is reversed, modified or affirmed by the Supreme Court, the reasons therefor shall be stated concisely in writing * * *." Article VIII, Section 25, Constitution of Utah; U. C. A. 1943, Section 104-41-23.

Because of the increasing number of cases presented before this court, I think we are justified in treating cases which seemingly do not involve any novel legal principle nor any unique application of an old one, in the fashion herein followed. No good purpose can be served by making a detailed analysis of each finding of fact. The net result is that the case was completely and properly tried in the district court and the judgment should therefore be affirmed.