265 P.2d 420

**CLOTWORTHY et al.   v.   CLYDE et al.**

No. 7962.

Supreme Court of Utah.

Jan. 8, 1954.

---

1. Tex.Civ.App., 299 S.W. 468, affirmed Tex.Com.App., 5 S.W.2d 761.

2. Supra.

·Stanley & Lewis, S. Rex Lewis, Heber City, for appellants.

Clair M. Aldrich, Provo, for respondents.

CROCKETT, Justice.

This is an action for partition by which plaintiffs, heirs of Thomas C. Clotworthy, seek to establish and have set apart an interest in certain realty. Their claim rests upon certain errors in documents of title

which occurred prior to 1911. None of the plaintiffs, nor their predecessors, have been in possession of, asserted any claim to, or paid any taxes on any of the property involved since prior to that date.

Ordinarily it is deemed advisable to state sufficient facts to form a framework upon which to drape the legal precepts and reasoning upon which the decision of this court is based. Yet in the instant case, recitation of the various transactions concerning title would seem to be of little interest to anyone except counsel for the plaintiffs who have threaded their way through a series of legal documents in an obviously labored effort to undermine the defendants' title. Our State Constitution [1] only requires that in giving our decision, " * * * the *reasons* therefor shall be stated concisely in writing, * * * " which in the instant case we deem both sufficient and expedient, without detailing the facts.[2] Such reasons are as follows:

■ 1. Where an instrument or instruments of title leave ambiguity or uncertainty as to intent, the court may look to surrounding circumstances to determine it.[3]

■ 2. After the trial court has done so, we will not disturb his findings nor the judgment based thereon unless the weight of the evidence is clearly against them,[4] or he has misapplied principles of law or equity.[5]

■ 3. The patent from the State of Utah to "the legal successors in interest of Thomas C. Clotworthy" does not necessarily mean his "heirs at law" as contended by the plaintiffs, but can also designate the assignees or grantees of his interest. One can be a "successor in interest" by assignment or conveyance as well as by descent.[6]

The decision of the trial court is well within the ambit of the above principles and on the basis thereof should be affirmed. However, it seems not amiss to make the following additional observation:

■ 4. Should it be conceded that there are certain errors and irregularities in the instruments through which the defendants deraign their title, they have held the property by conveyances stemming from Thomas C. Clotworthy and his estate since the year 1908; these instruments at the very least give them color of title. Since that time defendants have paid all the taxes; and their use and occupancy of the land for grazing purposes has been sufficient to constitute adverse possession under a written instrument as provided by our statute:[7]

1. Utah Constitution, Art. VIII, Sec. 25.
2. See opinions in Morley v. Willden, Utah, 235 P.2d 500.
3. 16 Am.Jur. 531, Deeds, Sec. 168.
4. Pantages v. Arge, 1 Utah 2d 105, 262 P. 2d 745.
5. See Stanley v. Stanley, 97 Utah 520, 94 P.2d 465.
6. 40 Words and Phrases, Successor in Interest, page 552 et seq.
7. Sec. 78–12–9, U.C.A.1953.

"* * * land is deemed to have been possessed and occupied in the following cases: * * * (3) Where, although not inclosed, it has been used * * * for pasturage or for the ordinary use of the occupant."

It appears from the record that the acts of defendants and their predecessors in interest have consistently been unequivocal acts of complete ownership and meet the test laid down by this court for the adverse possession of a cotenant in McCready v. Fredericksen:[8] "Before adverse possession by one tenant in common against another can begin, the one in possession must, by acts of the most open and notorious character, clearly show to the world, and to all having occasion to observe the condition and occupancy of the property, that his possession is intended to exclude, and does exclude, the rights of his cotenant. It is not necessary for him to give actual notice of this ouster or disseising of his cotenant to him. He must, in the language of the authorities, 'bring it home' to his cotenant. But he may do this by conduct, the implication of which cannot escape the notice of the world about him, * * *."

Judgment affirmed. Costs to respondents.

McDONOUGH, HENRIOD and WADE, JJ., concur.

WOLFE, C. J., not participating.

8. 41 Utah 388, 126 P. 316, 320.