267 P.2d 913

YOUNGREN v. KING.

No. 8033.

Supreme Court of Utah.

March 4, 1954.

Joseph C. Fratto, Salt Lake City, for appellant.

Chris T. Praggastis, Salt Lake City, for respondent.

**NORSETH, District Judge.**

This cause was heard by the lower court, sitting without a jury, and the court found the issues in favor of the plaintiff and against the defendant, ordered that the contract be specifically performed, and that the defendant within ten days after the date of service upon her of the notice of the entry of the judgment, execute and deliver to the plaintiff a good and sufficient warranty deed conveying the real property described in said contract to the plaintiff; that the plaintiff have judgment against the defendant for $128.50, the amount overpaid by the plaintiff to the defendant, with interest thereon from June 18, 1946, and that the plaintiff recover from the defendant the costs of the action. The court on June 8, 1953, denied defendant's motion for a new trial, and thereupon the appeal was made to this court, the defendant assigning as error the following:

1. That the trial court improperly found that respondent paid appellant in full pursuant to the terms of the contract.

2. That the trial court improperly found that the respondent paid the appellant the sum of $800 on March 16, 1944, to apply on the real estate contract.

3. That the trial court erred in refusing to grant appellant a new trial.

A careful review of the record in this proceeding clearly indicates that the trial court did not err in refusing to grant the appellant a new trial.

This case being one in equity, we are of the opinion that the principle and law stated in Stanley v. Stanley, 97 Utah 520, 94 P.2d 465, applies. This rule is again restated in Morley v. Willden, Utah, 235 P.2d 500, and this court will not disturb the decision of the trial court unless there is an abuse of discretion and misapplication of the evidence, and that by reason thereof the trial court committed prejudicial error.

The record in this case does not disclose any such abuse of discretion, and we are of the opinion that the court did not misapply the evidence and did not commit prejudicial error. Therefore, the decision of the trial court should be and the same is hereby affirmed, with costs to the respondent.

McDONOUGH, CROCKETT, HENRIOD and WADE, JJ., concur.

WOLFE, C. J., being disqualified, does not participate.