349 P.2d 175

Annie Ray HEISELT, Plaintiff and Appellant,

v.

Nadine HEISELT, a widow, et al., Defendants and Respondents.

No. 9065.

Supreme Court of Utah.

Feb. 8, 1960.

128

Rawlings, Wallace, Roberts & Black, Richard C. Dibblee, Salt Lake City, for appellant.

Elias Hansen and Mark K. Boyle, Salt Lake City, Don Mack Dalton, American Fork, for respondents.

WADE, Justice.

This appeal is from a judgment in favor of defendants in an action to quiet title brought by Annie Ray Heiselt.

The facts are that one Mary C. Heiselt who owned the home involved in this action died intestate in 1929 leaving surviving her a husband and three sons. Her estate was never probated. Mary C. Heiselt's husband remarried after her death. This wife divorced him and got his one-third interest in the property in satisfaction of a judgment obtained for delinquent alimony payments. The second wife subsequently transferred this interest to appellant herein who is the widow of Lawrence Heiselt, one of Mary C. Heiselt's surviving sons. All the parties to this suit are the widows and children of Mary C. Heiselt's sons. Mary's husband was also deceased at the time this suit was filed. In the pretrial it was conceded that appellant is entitled to the one-third interest she acquired from her father-in-law's second wife in 1941 and a two-ninths interest which her husband had in the property as a surviving child of Mary C. Heiselt. The dispute as to ownership, therefore, involves only an undivided four-ninths interest. Appellant also had purchased a tax deed from the county in 1939 which was invalid [1] because, as stated in the pre-trial order, no auditor's

[1]. Telonis v. Staley, 104 Utah 537, 144 P.2d 513.

affidavit was attached to the tax rolls which was the basis of the sale.

Appellant and her husband moved into the property involved in this action sometime in 1945; prior to that time it was occupied by either tenants or her father-in-law. During the years appellant and her husband lived in the house, they improved it by constructing a fruit and furnace room, a utility room and stairway to the basement, remodeling the bathroom and kitchen, rewiring the electrical system, painting the inside and outside of the house and black-topping the back yard at a cost of $4,075.00. They paid the taxes on the property. Although some of the respondents knew that these improvements were made they were not asked to nor did they offer to contribute any payments for these or for the taxes.

After appellant's husband died in 1951 she continued to live on the property until she sold it in 1958 for $10,500.00. The court found that the moneys appellant and her husband received for the rental of the property and its reasonable rental value for the time they occupied the premises exceeded the amounts paid by the couple for improvements and taxes. The court also found that respondents never sought possession of the property and appellant never informed them she claimed to be the owner before this action was brought. The court further found that appellant was a trustee of the four-ninths interest in the property for the use and benefit of respondents but was entitled to a lien for the proportionate share of the amount paid for taxes and improvements after deducting from those amounts the value of the rentals which had been received.

Appellant contends that respondents waived their rights to receive the benefits of her purchase by failure to contribute within reasonable time their portion of the payment for the tax deed. Appellant concedes that tenants in common stand in a fiduciary relation to each other and that where one such tenant buys out an outstanding adversary claim to the common title he cannot assert that claim for his exclusive benefit without the consent of the cotenants but holds it in trust for them.[2] However, appellant contends that even though this is the rule it is also the rule that cotenants must seasonably contribute their share of the expenditure within a reasonable time if they are to share in the benefit of the purchase.[3] Without expressing any opinion as to whether we agree with appellant's contention about the time a cotenant has to contribute before his rights are considered to be waived, we fail to see how such a rule could be of aid under the facts in the instant case because appellant obtained no outstanding claim

2. 54 A.L.R. 875.

3. 54 A.L.R. 910, 14 Am.Jur. Cotenancy, § 59, page 128.

or title which she could assert against her cotenants since the tax deed is invalid.

◼ Appellant further contends that the court erred in failing to find that her possession of the property was adverse to respondents. The court found that at no time prior to the commencement of this action did appellant inform respondents that she claimed to be the owner, nor did respondents seek possession of the property involved herein. In Clotworthy v. Clyde [4] this Court quoted with approval the test laid down by this Court in McCready v. Fredericksen [5] to the effect that in order for a tenant to adverse his cotenant he must "bring it home" to his cotenant and by the most open and notorious acts show to the world that "his possession is intended to exclude, and does exclude, the rights of his cotenant."

◼ Since the court found that appellant's possession was not adverse to her cotenants this Court will not disturb such finding unless it was clearly against the weight of the evidence or unless the court has misapplied the principles of law or equity.[6] The mere fact that appellant paid the taxes would not be such an act as would unequivocally inform her cotenants that she was claiming adversely because as we pointed out in McCready v. Fred-

ericksen, supra, unless the interests of each tenant is assessed separately it is the duty of one tenant as much as the other to pay all of the taxes and when he does so it is for the benefit of all and the only right he has is for contribution. The further fact that extensive improvements were made while appellant was living on the property also are not inconsistent with cotenancy. As this court stated in Sperry v. Tolley,[7] on page 312 of 114 Utah, on page 546 of 199 P.2d:

"* * * It is likewise true that the repairs and improvements made in the dwellings, buildings and fences are acts normally consistent with a tenancy in common and not adverse to it."

In the instant case the repairs and improvements were such as a person in possession would make for one's own convenience and satisfaction and would not necessarily show an intent to oust cotenants of their rights or rebut the presumption that they were made for the benefit of all the cotenants. This being so this Court will not disturb the District Court's finding that appellant's possession was not adverse to her cotenants.

◼ Appellant also complains that the court's finding that she was paid rentals by

4. Clotworthy v. Clyde, 1 Utah 2d 251, 265 P.2d 420, 422.
5. McCready v. Fredericksen, 41 Utah 388, 126 P. 316.
6. Clotworthy v. Clyde, 1 Utah 2d 251, 265 P.2d 420.
7. Sperry v. Tolley, 114 Utah 303, 199 P.2d 542.

third parties at the rate of $75.00 per month for 17 months is not supported by the evidence. The record discloses that she and her husband had received a rental of $75.00 per month from third parties less $7.50 per month for collection for an undisclosed period of time, but that appellant testified that she had rented the property for 17 months prior to moving in herself and that during those months she received $27.50 per month with the exception of two months when she received $40.00 per month. Since there was testimony that this property had rented for $75.00 per month prior to the time appellant said she herself rented it out, and since she admitted receiving rent for 17 months, the court as trier of the facts was not bound to believe her testimony as to the amounts she received during those months, especially since there is no explanation of why she would rent the property for almost one-third of what had been previously received for the same property in rentals.

 Respondents have cross-appealed, contending that the court erred in deducting from their interests in the property their proportionate shares of the moneys expended by appellant and her husband for taxes and improvements and not offsetting against these expenditures the reasonable rental value of the property for the number of years in which they had sole possession of it. In Utah Oil Refining Co. v. Leigh [8] we approved the doctrine that " * * * a tenant in common is not chargeable with rents by his cotenant for taking exclusive and sole possession of part of the property, as long as he does not take and hold more than his just proportion. * * * " However, even though respondents are not entitled to their proportionate share of the reasonable rental value of the premises because they were not ousted or excluded from possession of their portions had they desired to take such possession, the question of whether appellant is entitled to contribution from them for the improvements made is a difficult one. As stated in 14 Am.Jur., Cotenancy, § 49, commencing on page 115:

"While contrary doctrines have been enunciated and the question is conceded to be one of great difficulty, it appears to be generally agreed that a cotenant who has made improvements upon the common property without the assent of his cotenants is not ordinarily entitled to contribution and cannot, as a matter of right, charge them with the value or costs thereof or maintain any action that would result in a personal judgment against them. * * * Compensation for improve-

8. Utah Oil Refining Co. v. Leigh, 98 Utah 149, 96 P.2d 1100, 1104.

132

ments is allowed, however, where the other cotenants have stood by and permitted him to proceed to his detriment.

\* \* \* \* \* \*

"It follows that in passing on a claim for contribution arising out of the erection of improvements, all the circumstances of the case should be taken into consideration. Where it appears that the cotenant making the improvements has acted in good faith, without any design to injure or exclude his cotenants \* \* \*' the court may allow him the amount which represents the increase in the value of the estate \* \* \*.

\* , \* \* \* \* \*

"Alhough there is authority to the contrary, the great weight of authority holds that compensation may be awarded where the improving tenant acted in the bona fide belief that he was the sole owner of the property. \* \* \*"

Taking into consideration the fact that there is no evidence that appellant did not act in good faith and in the further belief that she was the sole owner of the premises when the improvements were made, the circumstances are not such as to make the District Court's decision inequitable that respondents in the furtherance of jus-

tice should contribute their porportionate shares for the improvements.

Affirmed. Costs to respondents.

CROCKETT, C. J., and HENRIOD, McDONOUGH and CALLISTER, JJ., concur.