355 P.2d 321

**E. R. SHAW and Essie O. Shaw,**
**Plaintiffs and Appellants,**

v.

**BAILEY–McCUNE COMPANY, et al.,**
**Defendants and Respondents.**

No. 9206.

Supreme Court of Utah.

Sept. 27, 1960.

Udell R. Jensen, Nephi, Howard & Lewis, Provo, for appellants.

James P. McCune, Nephi, Robert J. Sumsion, Springville, for respondents.

CALLISTER, Justice.

Action to recover unpaid rents and money due on an open account. The trial judge awarded judgment against the corporate defendant, Bailey-McCune Company, but dismissed plaintiffs' action against the individual defendants. From this latter ruling the plaintiffs appeal.

The Bailey-McCune Company, hereinafter referred to as the corporation, was duly incorporated in the State of Utah on March 29, 1947. The incorporators were W. Lee Bailey, Gayle J. Bailey, H. W. McCune, Grace J. McCune and James P. McCune, the first two being the individual defendants in this action.

From the record it appears that the corporation commenced business by acquiring, in exchange for its stock, certain assets owned by the Baimac Company, a partnership comprised of all the incorporators with the exception of James P. McCune. Initially, all of the corporation's 4,000 shares of stock were issued to the partnership. Subsequently, the partnership transferred this stock, 2,000 shares to W. Lee Bailey and Gayle J. Bailey and 2,000 shares to H. W. McCune and Grace J. McCune.

The individual defendants became the only owners of capital stock in the corporation on August 31, 1948, when the stock issued to the McCunes was purchased and retired.

On May 23, 1951, the plaintiffs, by written instrument, leased certain real property to the corporation and at approximately the same time sold to the corporation certain items of merchandise on credit. Prior to June 1, 1954, the expiration date of the written lease, the plaintiffs and the corporation orally agreed to a month to month lease at a reduced rental.

The corporation failed financially and the plaintiffs, contending that the corporate structure is a sham, seek to hold the two stockholders personally liable for the unpaid rent and merchandise. They argue that the corporation was under-capitalized and are critical of some of its financial transactions.

The mere relation of being a stockholder in a debtor corporation does not under the law make a stockholder liable for the debts and obligations of the corpo-

ration.[1]  A corporation is a statutory entity which is regarded as having an existence and personality distinct from that of its stockholders even though the stock is owned by a single individual.[2]

 Under some circumstances the corporate entity may be disregarded in the interest of justice in such cases as fraud, contravention of law or contract, or public wrong.[3]  However, great caution should be exercised by the courts in disregarding the entity.

Moreover, the conditions under which the corporate entity may be disregarded or the corporation be regarded as the alter ego of the stockholders vary according to the circumstances in each case inasmuch as the doctrine is essentially an equitable one and for that reason is particularly within the province of the trial court.[4]

The lower court found that the corporation was not a sham or the alter ego of the Baileys and refused to disregard the corporate entity.  These findings of the trial court should not be overturned unless the evidence clearly preponderates against them.  We have carefully examined the record and find no reason to reverse the trial court's determination.

Affirmed.  Costs to respondents.

CROCKETT, C. J., and WADE, HENRIOD and McDONOUGH, JJ., concur.

---

1. Tintic Indian Chief Min. & Mill. Co. v. Clyde, 79 Utah 337, 10 P.2d 932.
2. Surgical Supply Center v. Industrial Commission, 118 Utah 632, 223 P.2d 593.
3. 1 Fletcher, Cyc.Corp. § 41.
4. Stark v. Coker, 20 Cal.2d 839, 129 P. 2d 390.