428 P.2d 158

### Nick HUGHES, Plaintiff and Appellant,

### v.

### Kenneth YARDLEY and John Yardley, Defendants and Respondents.

### No. 10678.

Supreme Court of Utah.

June 1, 1967.

J. Harlan Burns, Cedar City, for appellant.

Sam Cline, of Cline & Jackson, Milford, for respondents.

TUCKETT, Justice.

The plaintiff filed this action to restrain the defendants from carrying out a sale of his cattle to satisfy an agister's lien and for damages for breach of a contract of agistment. The defendants filed an answer and counterclaim against plaintiff, claiming damages against the plaintiff, claiming a breach of the contract entered into by the parties and for the reasonable cost of feeding the cattle afer the termination of the contract. From a judgment in favor of the defendants the plaintiff appealed to this court.

Prior to May 1, 1964, the plaintiff and the defendants entered into a contract whereby the defendants agreed to pasture cattle owned by the plaintiff at the defendants' ranch in Beaver County, Utah. The contract was to commence on or about May 1, 1964, to terminate on or about October 1, 1964, the plaintiff to pay to the defendants for the pasturage one-half of the market

value of the gain of the cattle during that period. Due to the lateness of the season and the failure of the pasture to develop sufficiently the cattle were not delivered to the pasture for approximately 30 days after the date agreed upon. Between May 28, 1964, and June 6, 1964, 197 head of cattle were delivered to the pasture. The cattle were transported from Bunkerville, Nevada, to the pasture by the plaintiff and were weighed while enroute to Beaver, Utah. Six head of the cattle died shortly after delivery of shipping fever which the court found did not result from negligence on the part of the defendants. Within a short period after delivery 18 head of the cattle died of bloat which the court found resulted from the negligence of the defendants in failing to furnish or to have adequate fences to prevent escape of the cattle into areas containing green alfalfa. The trial court further found that there would have been a normal loss during the contract period of six head. The court deducted the six head from 18 head of cattle which it found to have died as a result of defendants' negligence.

. After October 1, 1964, the defendants removed the cattle from the pasture to a different location and thereafter fed the cattle hay until December 11, 1964, when the animals were sold at auction pursuant to a stipulation of the parties. The court found that under the terms of the contract the obligation of the defendants to pasture the livestock ended on or about October 1, 1964. The court further found that the plaintiff was obligated to remove the cattle from pasture at the termination of the pasturage period. On November 9, 1964, the sheriff levied upon 35 head of the cattle to satisfy a judgment entered in another case.

The cattle were not weighed at the end of the pasturage period on October 1, 1964, but the court, from the evidence of record and by elaborate calculations, made a determination of the gain in weight of the cattle during that period. The court further found that after October 1 the defendants were entitled to the reasonable cost of feeding the cattle until they were finally sold at auction pursuant to the agreement of the parties on December 11, 1964. The court further found that the parties had entered into a verbal agreement whereby the plaintiff agreed to pay a reasonable attorney's fee which the court found to be in the sum of $600. Based upon the above findings the court concluded that the defendants were entitled to judgment for the pasturage calculated upon one-half the gain of the cattle between their delivery to the pasture and October 1, 1964, the reasonable cost of feeding the cattle after October 1, and attorney's fees.

■■ The findings and judgment of the court being based upon competent conflicting evidence are, under well known princi-

ples,[1] affirmed by the court except as to the 18 head of cattle which the court found died as a result of the defendants' negligence. We are of the opinion that it was error for the court to deduct the value of six head of cattle from the 18 upon the theory that experience would show that six would have died during that period at all events.

The case is returned to the district court with the direction that the court modify its judgment so as to award to the plaintiff the value of the six head of cattle above referred to. In all other respects the judgment of the court below is affirmed. No costs awarded.

CROCKETT, C. J., and CALLISTER, HENRIOD, and ELLETT, JJ., concur.

1. Kelly v. Moab State Bank, 64 Utah 290, 230 P. 566; Heiselt v. Heiselt, 10 Utah 2d 126, 349 P.2d 175; First Security Bank of Utah, N. A. v. Demiris, 10 Utah 2d 405, 354 P.2d 97; Shaw v. Bailey-McCune Co., 11 Utah 2d 93, 355 P.2d 321.