431 P.2d 123

Keith HOLBROOK and Geneve K. Holbrook,
Plaintiffs and Respondents,

v.

Elwood B. CARTER, Linda N. Carter, J.
Henry Ehlers, Nellie J. Ehlers, et al.,
Defendants and Appellants.

No. 10777.

Supreme Court of Utah.

Aug. 21, 1967.

Backman, Backman & Clark, M. V. Backman, Ralph J. Marsh, Salt Lake City, for appellants.

Mabey, Ronnow, Madsen & Marsden, J. Fred Wright, Salt Lake City, for respondents.

SORENSEN, District Judge:

Action to quiet title. The case was submitted to the trial court on stipulated facts.

Pender, Eliason and defendants acquired title in 1949 from Salt Lake County by auditor's tax deed. The stipulation recites that in 1951 Pender, by quitclaim deed, conveyed "his interest" to plaintiffs and also in 1951 Eliason, by quitclaim deed, conveyed "her interest" to plaintiffs.

Plaintiffs then went into possession, fenced and farmed the premises, paid taxes thereon, and in 1965 brought this action to quiet title as against the record title holder and defendants, on the theory of adverse possession under color of title for the statutory period. Defendants counterclaimed for an accounting of rentals and partition, on the ground that plaintiffs, by acquiring Pender's and Eliason's interests, became co-tenants with defendants, and, because this creates a fiduciary relationship between the parties, plaintiffs cannot acquire defendants' interests by adverse user.[1] The trial court entered judgment quieting title in plaintiffs. Defendants, but not the record title holders, appeal.

■ The general rule of law would appear to be "that, where one of several co-tenants conveys the joint estate by an instrument purporting to vest the fee to the entire property in a grantee who is not a co-tenant, and the latter enters, asserting open and exclusive ownership thereof, in severalty, the co-tenant not participating in the conveyance is deemed to be ousted, and, on the termination of the statutory period, title by adverse possession becomes vested in the grantee."[2] This would appear to be so without regard to whether conveyance is by warranty or quitclaim deed.[3]

■ However, when the granting co-tenant conveys only his interest in the land, the grantee succeeds only to the grantor's position as a co-tenant; there is not color of title in the grantee to the entire fee, and hence no ouster sufficient to support adverse user.[4]

■ The Pender and Eliason deeds to plaintiffs are not in the record. The stipulation recites that each purported to convey "his (her) interest" in the land. This does not create sufficient color of title under a written instrument to support plaintiffs' position that there was a constructive ouster. Without canvassing the remaining facts, we hold that they are not sufficient, absent color of title in plaintiffs, to "bring home" to defendants by open, notorious and

---

1. Relying on Heiselt v. Heiselt, 10 Utah 2d 126, 349 P.2d 175; Sperry v. Tolley, 114 Utah 303, 199 P.2d 542, and cases therein cited.

2. Annotation, 32 A.L.R.2d 1214, 1216.
3. Morrison v. Hawksett et al. (N.D.), 64 N.W.2d 786.
4. Annotation, 32 A.L.R.2d 1214, 1219.

hostile acts that plaintiffs intended to exclude rights of the defendants.[5]

In their brief and on oral argument plaintiffs urged that we take judicial notice of instruments, not in the record before us, purporting to be filed for record with the Salt Lake County recorder. This we cannot do. The authorities relied on by plaintiffs[6] hold merely that courts take judicial notice of official acts and proceedings of certain public officials, and the Legislature has so provided.[7] The Legislature has also dealt with the manner of proof of facts recited in entries made in the official records of county recorders,[8] but it has not made such facts a matter of judicial knowledge, nor do we.

Reversed, with directions to proceed with remaining issues raised in the pleadings, costs to the appellants.

TUCKETT, J., concurs.

ELLETT, Justice (concurring).

The law requires tenants in common to be true to their trust and honest in their dealings with each other while they occupy that relationship. The possession of one is the possession of all, and each is supposed to protect the rights of all the others. A co-tenant, therefore, is not permitted to take a contrary position unless he first acts in such a manner as to make himself liable to his co-tenants for a breach of duty to them and brings home to their attention the fact that he is repudiating his fiduciary relationship. Until this occurs, he cannot adverse his co-tenants. McCready v. Fredericksen, 41 Utah 388, 126 P. 316.

There is but one question involved herein: Did Holbrook bring home to Ehlers the fact that he was trying to get Ehlers' share of the land by adverse possession?

At oral argument before this court counsel for the plaintiff stated:

As I listened to Mr. Marsh and as I read his brief, I wonder if he expected Mr. Holbrook to send Mr. Ehlers a notice in the mail: "Dear Mr. Ehlers: I am adversing you. Maybe you had better do something about it." Well, in our commercial world we don't do that. The competitor, as in all these cases, follows the law. He doesn't tip his opponent off to everything that is going on.

It seems obvious from this statement that plaintiff was trying to secure by legal stealth that which he could not obtain by purchase. This the law does not permit him to do. That which would be sufficient to adverse a stranger will not suffice to

---

5. *Heiselt v. Heiselt, supra.*

6. State Board of Land Commissioners et al. v. Ririe, 56 Utah 213, 190 P. 59; McGarry v. Thompson, 114 Utah 442, 201 P.2d 288.

7. 78–25–1(3), U.C.A.1953.

8. 78–25–3, U.C.A.1953.

take the interest of a co-tenant. See 3 Am.Jur.2d, Adverse Possession, § 175 at page 263.

CALLISTER, Justice (dissenting).

The trial court determined that for approximately 15 years and continuing unto the date hereof, the plaintiffs have held the subject real property openly, notoriously and adversely unto all the world including defendants, have planted crops and cultivated the same thereon, fenced the same, have affixed signs from time to time to the fence containing the wording "No Trespassing," "No Hunting," "Private Property," and equivalent wording, and have paid all the property taxes assessed on the property during said 15 years. The court held that the plaintiffs had perfected title to the property adverse to all the world and particularly to the defendants and therefore quieted title in the plaintiffs.

Since the trial court found that plaintiffs' possession was adverse to their co-tenants, this court will not disturb such finding unless it was clearly against the weight of the evidence or unless the court has misapplied the principles of law or equity.

This case appears to fall clearly within the rule of law approved in McCready v. Fredericksen, 41 Utah 388, 398, 126 P. 316 (1912):

When one enters avowedly as tenant in common with others, his possession is the possession of those others, so long as the tenancy in common is not openly disavowed. Before adverse possession by one tenant in common against another can begin, the one in possession must, by acts of the most open and notorious character, clearly show to the world, and to all having occasion to observe the condition and occupancy of the property, that his possession is intended to exclude, and does exclude, the rights of his cotenant. It is not necessary for him to give actual notice of this ouster or disseising of his cotenant to him. He must, in the language of the authorities, "bring it home" to his cotenant. But he may do this by conduct, the implication of which cannot escape the notice of the world about him, or of any one, though not a resident in the neighborhood, who has an interest in the property, and exercises that degree of attention in respect to what is his that the law presumes in every owner.

The trial court in effect determined that the acts and conduct of plaintiffs could not be reconciled with the legal presumption that what plaintiffs did was for the benefit of their co-tenants, the Ehlers, as well as for the benefit of themselves. The record substantiates that the acts of the plaintiffs in interest have consistently been acts

1. See Clotworthy v. Clyde, 1 Utah 2d 251, 254, 265 P.2d 420 (1954).

of complete ownership and meet the test laid down in McCready v. Fredericksen.[1] The trial court could properly conclude that plaintiffs' conduct over a period of 15 years indicated an intent to oust the co-tenants of their rights or rebut the presumption that the plaintiffs acted for the benefit of their co-tenants. This being so, this court will not disturb the trial court's finding that plaintiffs' possession was adverse to their co-tenants.[2]

The trial court should be affirmed.

CROCKETT, C. J., and HENRIOD, J., having disqualified themselves do not participate herein.

---

2. See Heiselt v. Heiselt, 10 Utah 2d 126, 130, 349 P.2d 175 (1960).