TIGER v. STATE.

No. A–11972.

Criminal Court of Appeals of Oklahoma.

May 12, 1954.

Walter Billingsley, Allen G. Nichols, Wewoka, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

JONES, Judge.

The defendant Lewis Tiger was charged by an information filed in the District Court of Seminole County with the crime of manslaughter in the first degree, it being alleged that he effected the death of his wife, Helen Tiger, while engaged in the commission of the misdemeanor of reckless driving; a jury was waived, the defendant was tried, found guilty of the lesser offense of manslaughter in the second degree, and sentenced to pay a fine of $250 and serve a term of six months imprisonment in the county jail, and has appealed.

The only issue presented on appeal is that the judgment and sentence was excessive. The proof of the state showed that one Franklin Reed was driving a truck filled with butane gas, and traveling west on State Highway No. 9. A pickup truck, driven by defendant, ran into the side of the truck carrying the butane with such force that Helen Tiger was killed. The defendant was driving his truck up a county road and did not slow down or make any effort to avoid a collision with the truck being driven by Reed. The two highway patrolmen and the doctor who was called by the patrolmen to treat the accused for superficial injuries all testified that defendant was drunk. The defendant told the patrolmen that he had drunk "about six pints of beer."

Pictures of both vehicles were admitted in evidence and they distinctly show that the pickup truck driven by the defendant ran squarely into the side of the butane gas truck.

The defendant, in his own behalf, stated that he had just drunk two bottles of beer. He admitted seeing the truck before he arrived at the intersection but claimed he was unable to stop the pickup he was driving, so he turned west down the highway "and the truck ran into me." However, a few minutes before he had stated on direct examination, "I run into a truck."

 The proof of the state clearly showed that the defendant was guilty of reckless driving in violation of the provisions of the statute. 47 O.S.1951 § 121.3, Paragraphs (a) and (j).

The trial court would have been fully justified in finding the defendant guilty of manslaughter in the first degree, which would have carried a minimum punishment of four years in the penitentiary. He certainly has no cause to complain of the sentence which was meted out to him.

The judgment and sentence of the District Court of Seminole County is affirmed.

POWELL, P. J., and BRETT, J., concur.