## ALLEN v. STATE.
### No. A-12043.

Criminal Court of Appeals of Oklahoma.
July 14, 1954.

Harold McArthur, Tulsa, for plaintiff in error.

Mac Q. Williamson, Atty. Gen., Sam H. Lattimore, Asst. Atty. Gen., for defendant in error.

POWELL, Presiding Judge.

Ivan Eugene Allen was charged by information filed in the court of common pleas of Tulsa County with the crime of reckless driving, was tried before a jury and found guilty, but the jury being unable to agree upon the punishment to be assessed, left the same to the court, who fixed the penalty at a fine of $150, cost of prosecution, and to be imprisoned for 10 days in the county jail of Tulsa County. Appeal to this court has been perfected by the defendant.

The section of the Statute involved is § 121.3 of Title 47, O.S.A.

We have carefully read the record, which discloses that on the 14th day of April, 1953, the defendant drove his 1949 Ford Coach upon County Road ⁹⁄₁₀ miles north of Tulsa, at a speed that was neither careful nor prudent, and that was greater than was reasonable and proper, having due regard to the traffic, surface and width of the highway and of other conditions then existing, and at a speed greater than would permit him to bring said automobile to a stop within the assured clear distance ahead. The evidence disclosed that defendant drove his vehicle to the left of the center of the highway and across a bar ditch causing the vehicle to overturn some 15 feet below the surface of the highway; that the vehicle tore out a section of the bannister along said highway, a 2x10 timber piercing the car just above the heads of the occupants. The defendant was found to have the odor of alcohol on his breath and admitted to having drunk "three beers."

Defendant testified and claimed that he fell asleep and by such fact the accident occurred. He admitted to having plead guilty previously to a charge of speeding, but did not remember whether he had been previously twice convicted for reckless driving or not.

The evidence amply sustains the verdict of the jury. The Court was lenient in assessing the punishment. No further recitation is required. Tit. 20 O.S. 1951 § 47, as amended in 1953.

JONES and BRETT, JJ., concur.