David Raymond FIKE, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–13348.

Court of Criminal Appeals of Oklahoma.

Oct. 23, 1963.

Rehearing Denied Jan. 15, 1964.

**348**

Merson & Campbell, Oklahoma City, for plaintiff in error.

Charles Nesbitt, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for defendant in error.

JOHNSON, Judge.

David Raymond Fike was charged in the county court of Garvin County with the offense of reckless driving, a jury found him guilty and assessed his punishment at a fine of $10, and he has appealed.

The charging part of the information, filed August 8, 1961, reads:

"* * * [T]hat on or about the 22nd day of July, 1961, in Garvin County, Oklahoma, David Raymond Fike * * * did then and there unlawfully and willfully drive, operate and propel a certain motor vehicle on a public highway within said Garvin County, Oklahoma, at a rate of speed in excess of that which was reasonable. and prudent, to-wit: * * * at a rate of speed and in a manner which were not reasonable, prudent, nor proper under the circumstances there existing," etc.

The law under which the charge was filed provides:

"Any person driving a vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper having due regard to the traffic, surface and width of the highway and any other conditions then existing, and no person shall drive any vehicle upon a highway at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead." 47 O.S.1961 § 11–801(a).

For a reversal defendant in his brief argues four propositions, as follows:

"1. That the state's evidence against the defendant as to the specific offense charged was wholly insufficient to sustain a conviction and the court erred in refusing to sustain defendant's demurrer thereto and motion for a directed verdict of not guilty.

"2. The court failed, neglected and refused to properly instruct the jury of the law in this cause; erroneously instructed said jury and failed to instruct on the defendant's theory of the case.

"3. The court erred in failing to declare a mistrial because of prejudicial acts of the county attorney in open court.

"4. The court erred in refusing to sustain defendant's motion to dismiss for the state's failure to prosecute, denying defendant a speedy trial as guaranteed under the Constitution of the United States of America and the State of Oklahoma."

Following is a brief statement of the facts.

On July 22, 1961 the defendant was driving north on U. S. Highway 77, and when about two miles north of Pauls Valley, about 2 o'clock in the afternoon, was involved in a car accident.

The prosecuting witness, Ernest Boswell Dorr, testified that it had been raining, but was not raining at the moment of the accident, and that there were a few wet places on the pavement. That there were three cars in front of witness, and he was driving 45 to 50 miles an hour. That a car containing several young people made several attempts to pass him, and finally went around, and at this time witness slowed up to permit the car to get around him. That the car in front of witness stopped, and he applied his brakes, and at the very moment he stopped, the car back of him, driven by the defendant, struck the right rear of his car, and damaged it considerably. He was driving a Volkswagen, the engine of which was in the rear. He testified his was a light car, with the bumpers lower than the ordinary car and that in his opinion it could be stopped more quickly than the ordinary car. That he had not seen the defendant in his rear view mirror.

Lee Chadwell, the highway patrolman who made the investigation, testified that the pavement was wet, and defendant laid down approximately 162 feet of skid marks. That the accused was not travelling over the speed limit of 65 miles per hour, and that he issued him a ticket for reckless

driving, on the theory that he was driving too fast, under the existing circumstances.

The defendant testified that he had stopped in Pauls Valley, and after the rain ceased started on to Oklahoma City. That the Volkswagen was half a mile ahead of him, they were both driving about 45 or 50 miles per hour; that a car with three or more teenagers kept trying to pass him, and finally passed, then passed the Volkswagen and some cars in front of it. That they were meeting a truck which was then on a bridge, and defendant's attention was momentarily attracted to the car with the teenagers; that he saw the brake lights of the Volkswagen go on and immediately applied his own brakes. He was driving a 1961 Pontiac station wagon which he had owned about one week. He had power brakes, and when he stepped on his brakes they locked, and he skidded into the right rear of the Volkswagen.

■ We are of the opinion that defendant's first proposition must fail. We have repeatedly held that where there is competent and substantial evidence in the record from which the jury might reasonably conclude that the defendant is guilty of the offense charged, the jury's verdict will not be interfered with upon the ground that the evidence is insufficient to sustain the conviction. Hunt v. State, 81 Okl.Cr. 114, 161 P.2d 82; Hutchinson v. State, Okl.Cr., 274 P.2d 74; Taylor v. State, 95 Okl.Cr. 98, 240 P.2d 803, and numerous other cases.

■■ We think the evidence was sufficient to justify submitting the case to the jury, and from the evidence the jury was justified in finding the defendant guilty of the charge of reckless driving. The evidence disclosed that the defendant laid down approximately 162 feet of skid marks, and was, therefore, driving at a speed that was neither careful nor prudent, but that was greater than was reasonable and proper, having due regard to the traffic, surface of the highway, the fact that the highway was wet, and of other conditions then existing; and at a speed greater than

would permit him to bring his automobile to a stop within the assured clear distance ahead. Tit. 47 O.S.1961 § 11–801(a); Tiger v. State, Okl. Cr., 270 P.2d 1109; Allen v. State, Okl.Cr., 273 P.2d 152; Naccari v. State, Okl.Cr., 270 P.2d 1110.

The evidence amply sustains the verdict of the jury.

As to defendant's second proposition, we have carefully read and considered the instructions offered by the defendant and refused, and those given by the court. We are of the opinion that the instructions given, considered as a whole, fairly and correctly state the law applicable to the facts. The law requires nothing more. Camp v. State, 95 Okl.Cr. 70, 239 P.2d 1036; Storer v. State, 84 Okl.Cr. 176, 180 P.2d 202; Lamb v. State, 70 Okl.Cr. 236, 105 P.2d 799, and a long line of cases so holding.

Defendant's third proposition, that the court erred in failing to declare a mistrial because of prejudicial acts of the county attorney is based on the assertion that during a recess in the trial, the county attorney was seen engaged in conversation with a highway patrolman in the court room and near the jury box. The patrolman had been subpoenaed, and to "bring the complete file regarding the driving record of the defendant, David Raymond Fike", but he was not used as a witness. There is nothing in the record to show what the conversation was about, or that any of the jurors heard any of the conversation. While moving for a mistrial, defendant did not take the opportunity to present proof of anything in this action or conversation that was prejudicial to him. Defendant cites no authority in support of his proposition.

■ A prosecuting attorney in a criminal case represents the public, and is a quasi judicial officer, charged with the duty of seeing that the defendant receives a fair trial. This county attorney knew better than to discuss this case, or the evidence that the highway officer might give, in the hearing of the jury, and there is no proof

that he did so. In the early case of Davis v. State, 7 Okl.Cr. 322, 123 P. 560, this Court said:

"A conviction will not be reversed for alleged misconduct of the prosecuting attorney, unless this court can say that the prosecuting attorney was not only guilty of misconduct, but that such misconduct might, in some degree, have influenced the verdict against the defendant."

This case has been followed in Crowell v. State, 42 Okl.Cr. 392, 276 P. 518; Stanley v. State, 94 Okl.Cr. 122, 230 P.2d 738; Samples v. State, Okl.Cr., 337 P.2d 756; Sanders v. State, Okl.Cr., 341 P.2d 643, and cases cited.

■ The action of the county attorney herein is not condoned, but in the absence of some proof that the defendant was prejudiced thereby, we consider the error, if any, harmless.

We are of the opinion that defendant's fourth proposition is the most serious raised. The defendant in his brief states:

"The defendant wishes to further advise this Court that he wishes to resort to Proposition IV in this cause only if the Court should disagree with his other Propositions which entitle him to a complete acquittal of the charge or at least a reversal of his conviction. He prefers the Court to first pass upon the merits of the other propositions pertaining to his trial and if the Court upholds the defendant in these or any one of his contentions, then he will waive the objections he has under this Proposition."

It is provided by statute (22 O.S.1961 § 812):

"If a defendant, prosecuted for a public offense, whose trial has not been postponed upon his application, is not brought to trial at the next term of court in which the indictment or information is triable after it is filed, the court must order the prosecution to be

dismissed, unless good cause to the contrary be shown."

The case was assigned for trial for October 16, 1961. On that date a court minute was entered, showing the case "stricken from trial calendar". On December 14, 1961 an order was entered, dated October 16, 1961, reciting, among other things:

"[A]nd both parties having announced ready for trial, the court ordered the same to proceed; and the jury panel called for this term of court being given their general oath and admonition of court as to their duties as jurors; whereupon the county attorney appeared before the court with a third party to this action, Ernest Boswell Dorr, who identified himself as being the operator of the vehicle with which the defendant in this cause was involved in an automobile accident on the 22nd day of July, 1961, out of which the charge in this cause was filed against this defendant, and the said county attorney thereupon moved the court to grant a continuance in said cause for the reason that Mr. Dorr contemplated the filing of a civil action for damages against the defendant, to which motion the defendant objected and thereupon moved the court and demanded trial of this cause or in lieu thereof that the same be dismissed for lack of prosecution by the state, and the court after hearing statements of the respective counsel sustained the motion of the state and granted a continuance of said cause, until next term of court, and overruled the motion and demand of the defendant for immediate and speedy trial, to all of which the defendant took exception and exceptions are hereby allowed."

■ The State is committed to the rule that the burden is upon the defendant to show that the delay in affording the defendant a speedy trial under the above statute, was due to laches on the part of the State. Stroud v. State, 57 Okl.Cr. 273, 47

P.2d 883; Ex parte Meadows, 71 Okl.Cr. 353, 112 P.2d 419, and cases cited.

From the record before us, it appears that the defendant resisted the continuance of this case on the date it was originally set for trial in October, 1961 and that in October, 1962 he filed a motion to dismiss when the case was called for trial. There is nothing in the record before us, however, to indicate that he asked for trial at the January, 1962 term of court (the next term after the case was first set for trial).

In Stroud v. State, supra, the Court said:

"The burden was on the defendant in support of his motion to dismiss to show that the laches was on the part of the state, through its prosecuting officers, otherwise the presumption is that the delay was caused by or with the consent of the defendant himself, and when on bail the defendant must demand a trial or resist a continuance of the case from term to term."

■ As there is no hard and fast rule for determining the question as to what is meant by the term "unless good cause to the contrary be shown", it becomes a matter for judicial determination under the facts and circumstances of each particular case. However, we are constrained to agree with the Attorney General wherein he states that the continuance granted in 1961 was for a capricious reason, unrelated to this prosecution. To grant a continuance of the prosecution of a man accused of a crime, who is present in court with his witnesses and attorney on the date the case is set for trial, and both attorneys for the State and the accused have announced ready for trial, and then for the court to continue the trial for the reason that the prosecuting witness desires to file a civil suit against the defendant is stretching discretion rather thin.

It would at least have been persuasive if counsel for appellant had made a showing that the unusual delay in bringing the defendant to trial had caused him to be

prejudiced in some way. There is no allegation in the petition in error or brief that the delay in assigning appellant's case for trial materially prejudiced him.

█ This Court has held that the writ of mandamus is a proper remedy to compel a trial court to dismiss a cause where defendant has been denied his right to a speedy trial. State ex rel. Rothrock v. Haynes, 83 Okl.Cr. 387, 177 P.2d 515; Brummitt v. Higgins, 80 Okl.Cr. 183, 157 P.2d 922; McLeod v. Graham, 6 Okl.Cr. 197, 118 P. 160; Ex parte Warrenburg, 63 Okl.Cr. 125, 73 P.2d 476.

The defendant had a fair trial, and finding no prejudicial error in the record, the judgment and sentence of the county court of Garvin County is affirmed.