418 P.2d 134

The STATE of Utah, Plaintiff and Respondent,

v.

Ray Clarence RASMUSSEN, Defendant and Appellant.

Ray Clarence RASMUSSEN, Plaintiff and Appellant,

v.

George BECKSTEAD, Defendant and Respondent.

Nos. 10475, 10426.

Supreme Court of Utah.

Sept. 16, 1966.

---

1. 11 Utah 2d 208, 357 P.2d 183; see also State v. Park, 17 Utah 2d 90, 404 P.2d 677.

Jimi Mitsunaga, Salt Lake City, for appellant.

Phil L. Hansen, Atty. Gen., Ronald N. Boyce, Asst. Atty. Gen., Salt Lake City, for respondents.

HENRIOD, Chief Justice:

Appeal from 1) a burglary conviction and 2) denial of a motion for dismissal in a habeas corpus proceeding in the same case before the same judge. Affirmed, which disposes of both bases for appeal, they being concomitant to the effect that defendant unconstitutionally was denied a speedy trial.

On April 3, 1965, defendant was arrested, and charged on April 5, followed by a preliminary hearing on May 14, being arraigned on June 2. A trial date was set for June 15, and the trial date was postponed because the trial court had a homicide case in process. On that day, defendant made an oral motion for dismissal for lack of a speedy trial,—which was denied. A second trial date was set for July 2 and had to be postponed on account of the trial judge's illness and hospitalization. Shortly thereafter he passed away. Another trial date was set for July 21, and had to be postponed again because defendant's counsel didn't show up,—allegedly for lack of notice, which would seem to be unusual,—but which for the purpose of this case, must be conceded. The trial took place on July 27, about 45 days after insistence on a speedy trial and dismissal for want thereof.

It was stipulated that any delay was not caused by the prosecution, but only by circumstances.

 There is no question that both federal [1] and state [2] constitutions require a speedy trial and that our statute implementing the constitution, provides that this be within 30 days.[3] As to statutes like this, our court has indicated that they are directory, not mandatory.[4] We affirm that position in this case and so hold, as to 77–1–8 (6). Where injustice to either party might ensue if the statute were mandatory through unintended circumstances, neither should suffer by a dead-line statute like this. In this respect each case must be examined in light of its own particular facts. Under the circumstances here, where no one was intentionally prejudiced by the two-week delay, the ends of justice were not aborted. Were one to suggest that this 30-day statute is mandatory, as serious a constitutional question would arise on the side of the state as it would on the side of the accused, and well might be resolved in favor of the proper and fair administration of justice and in favor of the people who also have rights, including freedom from burglarious intrusion into their homes. Unreasonable release of felons on technicality, resulting in their freedom to continue plying their trade, by superficial resort to a strained, technical construction of a statute or constitution becomes the shield for the miscreant, and the cross of decent citizenry which some time could lead to a tea party and volley of fire across a bridge.

McDONOUGH, CROCKETT, CALLISTER and TUCKETT, JJ., concur.

---

1. VI Amendment, U. S. Constitution.
2. Art. I, sec. 12, Utah Constitution.
3. Sec. 77–1–8(6), Utah Code Annotated 1953.
4. State v. Mathis, 7 Utah 2d 100, 319 P. 2d 134 (1957); United States v. Ewell, 383 U.S. 116, 86 S.Ct 773, 15 L.Ed.2d 627 (Feb. 23, 1966).