462 P.2d 710

**STATE of Utah, Plaintiff and Respondent,**

v.

**Jesus Alsman LOZANO aka Luis Ricco Gutierrez, Defendant and Appellant.**

No. 11423.

Supreme Court of Utah.

Dec. 15, 1969.

Jay V. Barney and Jay D. Edmonds, Salt Lake City, for appellant.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, R. Bruce Bybee, Asst. Attys. ·Gen., Salt Lake City, for respondent.

CALLISTER, Justice.

Defendant seeks reversal of his conviction of burglary in the third degree on the ground that he was denied his right to a speedy trial as guaranteed by the Sixth Amendment of the Constitution of the United States and Article I, Section 12 of the Constitution of Utah.

Defendant was charged, by information, with burglary in the second degree, was convicted by a jury of burglary in the third degree, and sentenced to the State Prison for an indeterminate term as provided by law.

Defendant was arrested on January 1, 1968; he was arraigned on March 25, 1968. (Defense counsel had previously objected to a continuance of the preliminary hearing from February 5th to March 11th on the ground that said continuance denied defendant's right to a speedy trial.) On March 27, 1968, defendant filed a demand for a speedy hearing on the ground that he was unable to procure a bond and had been incarcerated in the County Jail since January 1, 1968. Defendant's trial was set for May 10, 1968; he was not tried. On May 13, 1968, defendant was given a trial date of July 12, 1968. Defendant objected to this continuance. On July 12, 1968, defendant was ready to proceed; the trial was again continued and defense counsel objected and made a motion to dismiss on the ground defendant had been denied a speedy trial. Defense counsel again filed a demand for a speedy trial on the ground defendant had been incarcerated since the first of January. On July 15, 1968, the court set defendant's trial for August 5, 1968, and he was tried and convicted thereon. At the commencement of the trial, defense counsel made a motion to dismiss on the grounds of lack of prosecution and the denial of defendant's right to a speedy trial; counsel cited the two prior continuances and the seven-month incarceration to substantiate his claim. The trial court denied the motion.

A minute entry, dated May 13, 1968, stated that based on the court's own motion and good cause appearing the case was reset for July 12. A minute order, dated July 12, 1968, recited that the district attorney moved the court for a continuance of the trial and that the court granted the State's motion to continue. A minute entry, dated July 15, 1968, stated that based on court's own motion, and good cause appearing therefor, the trial was reset for August 5, 1968. No further reason or cause, except for these recitals, was given for these continuances.

The State, in the instant appeal, has asked this court to take judicial notice of the

congested criminal docket and current backlog of criminal cases in the Third Judicial District. Consequently the seven-month delay was necessary in the orderly administration of criminal justice.

■ Section 78–25–1(3), U.C.A., 1953, provides that courts may take judicial notice of the official acts of the judicial department. The legislature has also dealt with the manner of proof of facts recited in entries made in official records, see 78–25–3, U.C.A., 1953, but it has not made such facts a matter of judicial knowledge, nor does this court.[1]

The Sixth Amendment's guarantee of a speedy trial is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation, and to limit the possibilities that long delay will impair the ability of an accused to defend himself.[2]

* * * "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." [Citation Omitted] "Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances. * * * The delay must not be purposeful or oppressive" [Citation Omitted] "[T]he essential ingredient is orderly expedition and not mere speed." * * *[3]

Defendant further cites § 77–1–8(6) U.C.A., 1953, which provides:

* * * every defendant in a criminal action unable to get bail shall be entitled to a trial within thirty days after arraignment, if court is then in session in such county * * *.

■ In State v. Rasmussen,[4] this court held that Section 77–1–8(6), was a statutory implementation of the constitutional guarantee to a speedy trial; however, this provision is directory and not mandatory. Each case must be examined in light of its own particular facts. In the Rasmussen case, the defendant was arrested April 3, arraigned on June 2, and a trial date was set for June 15. The trial was postponed because the trial court had a homicide case in process. A second trial date, set for July 2 was postponed on account of the trial judge's illness and hospitalization. Another trial date on July 21 had to be postponed because defense counsel did not appear, allegedly for lack of notice. The

1. Holbrook v. Carter, 19 Utah 2d 288, 290, 431 P.2d 123 (1967).
2. United States v. Ewell, 383 U.S. 116, 120, 86 S.Ct. 773, 776, 15 L.Ed.2d 627, 630 (1966).
3. United States v. Ewell, note 2, supra, at p. 120 of 383 U.S., at p. 776 of 86 S.Ct., at p. 631 of 15 L.Ed.2d.
4. 18 Utah 2d 201, 418 P.2d 134 (1966).

trial took place on July 27, about forty five days after defense counsel had moved for a dismissal for lack of a speedy trial. The parties further stipulated the delay was ·caused only by circumstances. Based on the foregoing facts this court held that no ·one was intentionally prejudiced, and the ·ends of justice were not aborted.

█ In the instant action, defendant, un·der § 77–28–3(1) U.C.A., 1953, had first priority on the trial calendar. He first made demand for a speedy trial on Febru·ary 5 when his preliminary hearing was postponed for over a month. After his arraignment on March 25, he filed a demand for a speedy trial on March 27. Defendant was incarcerated 218 days, 135 of which ·were after his demand for a speedy trial. The minute entry of July 12 indicates that the prosecution requested a continuance ·over defendant's objection. The reasons for the other continuances are not indicated ·in the record. These facts are clearly dis·tinguishable from the circumstances in .State v. Rasmussen. The protracted in·carceration of defendant prior to trial, without cause or excuse, was undue and oppressive and constituted a denial of his right to a speedy trial.

The judgment of conviction is reversed.

CROCKETT, C. J., and TUCKETT and HENRIOD, JJ., concur.

ELLETT, Justice (dissenting).

I dissent. I think the prevailing opinion is too tender with a convicted burglar. The only point raised by this appeal is whether the appellant was denied a constitutional right to have a speedy trial when he was arrested January 1, 1968, arraigned in the district court on March 25, and tried August 5 following. Since the constitutional requirement of a speedy trial does not come into existence until an information or indictment has been filed,[1] the question really involved is whether a period of four and a third months between arraignment and trial is such a length of time as to invalidate a conviction.

Article I, Section 12, of the Utah Constitution guarantees a speedy trial to every defendant charged in the state courts, just as the Sixth Amendment to the Constitution of the United States guarantees a speedy trial to those who are charged with violating federal statutes.

The appellant was the defendant below. He makes no claim that he was prejudiced in any manner whatsoever by reason of being tried in August instead of in April or May. He does not claim that any of his witnesses died or were unavailable at trial in August or that their memories were faulty due to a long delay in his trial. He simply relies upon the printed words which say that he is entitled to a speedy trial.

1. State v. Renzo, 21 Utah 2d 205, 443 P.2d 392 (1968).

The main opinion seems to accept the contention that a speedy trial is an absolute abstract right and then holds that the defendant should be set free because of the delay, irrespective of any prejudice to him or to his defense.

The United States Supreme Court has on numerous occasions passed on the constitutional requirements of a speedy trial, and in the case of United States v. Ewell, cited in footnotes 2 and 3 of the main opinion, the Court said:

We cannot agree that the passage of 19 months between the original arrests and the hearings on the later indictments itself demonstrates a violation of the Sixth Amendment's guarantee of a speedy trial. This guarantee is an important safeguard to prevent undue and oppressive incarceration prior to trial, to minimize anxiety and concern accompanying public accusation and to limit the possibilities that long delay will impair the ability of an accused to defend himself. However, in large measure because of the many procedural safeguards provided an accused, the ordinary procedures for criminal prosecution are designed to move at a deliberate pace. A requirement of unreasonable speed would have a deleterious effect both upon the rights of the accused and upon the ability of society to protect itself. Therefore, this Court has consistently been of the view that "The right of a speedy trial is necessarily relative. It is consistent with delays and depends upon circumstances. It secures rights to a defendant. It does not preclude the rights of public justice." Beavers v. Haubert, 198 U.S. 77, 87, 25 S.Ct. 573, 49 L.Ed. 950. "Whether delay in completing a prosecution * * * amounts to an unconstitutional deprivation of rights depends upon the circumstances. * * * The delay must not be purposeful or oppressive," Pollard v. United States, 352 U.S. 354, 361, 77 S. Ct. 481, 486, 1 L.Ed.2d 393. "[T]he essential ingredient is orderly expedition and not mere speed." Smith v. United States, 360 U.S. 1, 10, 79 S.Ct. 991, 997, 3 L.Ed.2d 1041.

In the case of McDonald v. Hudspeth, 10 Cir., 113 F.2d 984, cert. den. 311 U.S. 683, 61 S.Ct. 64, 85 L.Ed. 441, it was held that the fact that the defendant was kept in custody for approximately ten months before trial did not show a denial of the right to a speedy trial where there was nothing to show that he was not tried as soon as the orderly business of the court permitted.

The Oregon Supreme Court in State v. Lee, 110 Or. 682, 224 P. 627, 628 said:

A "speedy trial" is one conducted according to fixed rules, regulations, and proceedings of law, free from vexatious, capricious, and oppressive delays created by the ministers of justice. [Citation omitted.]

In the instant case the appellant does not claim that he was prejudiced in any manner because of the delay, nor does he claim that the delay was not for good cause shown. The trial court made minute entries showing that the trial of the case was continued on the court's motion and for good cause. Without more, these minute entries are sufficient for this court to say that the postponement was for good cause. The law was stated in the case of State v. Swain, 147 Or. 207, 31 P.2d 745, 747, 93 A.L.R. 921, to be:

* * * It will be recalled that February 17, 1932, the defendant was held by the district court to answer to the grand jury, and that during the March, April, and May terms of the circuit court the court entered orders which, after stating that good cause had been shown, continued the charge against the defendant to the next term. These orders sufficed to supply the "good cause" required by this section of our laws to prevent dismissal of the prosecution, and are not subject to collateral attack. * * *

Section 77–28–3, U.C.A.1953, provides for the order in which criminal cases on the docket are to be tried. There is nothing in the record to show that this defendant was not tried in his turn. This court can take judicial notice that in the past few years there have been hundreds of writs of habeas corpus, and those writs are given a priority in hearing date. U.R.C.P. 65B(f)(3).

The appellant has the burden to show that the delay in his trial was the fault of the State,[2] and in the absence of a showing to the contrary the presumption is that the court continued the case for a lawful reason.[3]

I agree with that part of the main opinion which says that the guarantee of a speedy trial is to prevent oppressive incarceration prior to trial and to limit the possibility that the long delay will impair the ability of the defendant to defend himself. However, I am unable to conclude that this appellant suffered either from oppressive incarceration or from any inability to defend himself. At least he makes no claim that such is the fact. Had he been tried at an earlier date, he would simply have been sent to prison sooner. His sentence is for an indeterminate term, and the Board of Pardons will release him when he is able to take his rightful place in society. In determining when to release him, that board should and undoubtedly will consider the length of time he has been incarcerated, whether it be in jail before conviction or in the prison afterwards.

In concluding my dissent I cannot think of more appropriate words than those used by Mr. Justice Henriod in the case of State

2. 21 Am.Jur.2d, Criminal Law § 251; Fike v. State, 388 P.2d 347 (Okl.Cr. 1963).

3. State v. Davidson, 78 Idaho 553, 309 P.2d 211 (1957).

**318**

v. Rasmussen, 18 Utah 2d 201, 203, 418 P. 2d 134, 135 (1966), a case very similar to the instant one, wherein he said:

> * * * Unreasonable release of felons on technicality, resulting in their freedom to continue plying their trade, by superficial resort to a strained, technical construction of a statute or constitution becomes the shield for the miscreant, and the cross of decent citizenry which some time could lead to a tea party and volley of fire across a bridge.

I am compelled to conclude that the appellant has failed to show that he was denied his constitutional right to a speedy trial. The judgment of the trial court should be affirmed.