478 P.2d 326

**The STATE of Utah, Plaintiff and Respondent,**

**Craig CARLSEN, Defendant and Appellant.**

**No. 12116.**

Supreme Court of Utah.

Dec. 10, 1970.

Craig Carlsen, pro se.

Vernon B. Romney, Atty. Gen., Lauren N. Beasley, Asst. Atty. Gen., Salt Lake City, for plaintiff-respondent.

HENRIOD, Justice:

The record supports the verdict on believable, admissible and competent evidence. Briefly, the defendant stole a plaque from the wall of a finance company. It displayed $1650 in various currency denominations. After a short chase, the owner apprehended the defendant. The plaque was later located near the scene of the arrest.

Carlsen urges that 1) he unconstitutionally was denied a speedy trial, mentioning the Sixth and Fourteenth Amendments to the federal constitution, and some cases, and that 2) it was error to admit the plaque in evidence after having released it to the owner after preliminary hearing and before trial.

As to the speedy trial bit: Carlsen was charged at a time when he had other cases pending against him. In a hearing for sentencing on one of the other charges, defendant's counsel requested that a psychiatric evaluation be afforded the defendant. The trial court granted the request and in doing so set aside a trial date for the instant case. We think such procedure was not inimical to the interests of the defendant, although it would appear from the record that he thought his attorney, not he, needed a psychiatric evaluation,—a common complaint, apparently, espoused by defendant about five competent lawyers who had been appointed to represent him, but who, through the firing process or some sort of frustration, did not survive the privilege of representing defendant, who chose to represent himself on this appeal, —who claimed authorship of the brief on appeal, and did an acceptable job, albeit unconvincing.

On August 14, 1969, after the psychiatrists finished with the defendant's evaluation, the court held him to be satisfactorily sane to confront his accuser. Sentence then was imposed on him for some other and separate charges pending against him. On November 7, while imprisoned, he filed a request for disposition of the charge pending against him. It was sent to the city court for preliminary hearing on the 17th, and the latter court set the preliminary for December 16, on which date he was bound over to the District Court for trial. On December 23, an information was filed against him, and he was arraigned on Jan-

uary 5, 1970, and his trial was set for January 7, and on the latter date everyone seemed ready to proceed including the jury, which was present, but defendant's counsel moved for a dismissal for lack of a speedy trial. His motion was taken under advisement and disposed of on February 17, and the trial was set again, this time for April 8, the court stating its reasons, including the motion taken under advisement and the fact that Mr. Carlsen's appointed counsel had taken a position in the office of the prosecutor of the area, necessitating the appointment of new and different counsel, —which was later accomplished.

■ Besides the Sixth and Fourteenth Amendments, the defendant also relies on Secs. 77–51–1(2), 77–65–1, 2, and 77–1–8(6), Utah Code Annotated 1953, all of which are designed to implement the constitutional guarantees mentioned with respect to speedy trials. Each of the acts protected such rights unless a continuance beyond the proscribed time was justified for good cause shown, determinable by the facts of each individual case before the

court,[1] and not determinable solely by the mere passage of time.[2] Our own statute echoes the basic concept of expedition in bringing an accused to an early trial consonant with plain ordinary common horse sense, reflective of no deliberate or indolent attitude designed for inordinate protraction of the trial or evasion of an accused's guaranteed rights.[3] We believe and hold that under the constitution, our statutes and the cases, some of which are cited by the defendant, Mr. Carlsen has not been unconstitutionally set upon.

Defendant cites two recent Utah cases to support his position: State v. Wilson[4] and State v. Lozano.[5] A reading of those cases will impress one of their inapplicability here.

■ As to 2): We believe and hold that defendant's urgence of error in the court's admitting the plaque in evidence is not placable or supported by the statute he cites.[6]

CROCKETT, C. J., and CALLISTER, TUCKETT and ELLETT, JJ., concur.

1. Klopfer v. No. Car., 386 U.S. 213, 87 S.Ct. 988, 18 L.Ed.2d 1 (1967).
2. United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627 (1966).
3. Sec. 77–51–1, U.C.A.1953.
4. 22 Utah 2d 361, 453 P.2d 158 (1969).
5. 23 Utah 2d 312, 462 P.2d 710 (1969); see also State v. Bonny, 25 Utah 2d 117, 477 P.2d 147, Nov. 23, 1970.
6. Sec. 77–15–15, U.C.A.1953.