506 P.2d 67

**STATE of Utah, Plaintiff and Respondent,**

**v.**

**Daniel Raye WEDDLE and Ronald Alen May, Defendants and Appellants.**

**No. 13009.**

Supreme Court of Utah.

Feb. 5, 1973.

**146**

Florence & Hutchinson, Brian R. Florence, John Blair Hutchinson, Ogden, for defendants and appellants.

Vernon B. Romney, Atty. Gen., David S. Young and David R. Irvine, Asst. Attys. Gen., Salt Lake City, for plaintiff and respondent.

CROCKETT, Justice:

Defendants appeal from their conviction of the crime of robbery upon a trial to the District Court in Weber County. The only issue raised here is: that they were denied a speedy trial and that they are entitled to a dismissal of the charge.

These defendants were being held in the county jail of Davis County on a charge of murder in the first degree when the complaint charging them with the instant offense in Weber County was filed on May 17, 1971, charging them with the crime of robbery in Weber County three days before, on May 14, 1971. They were represented by counsel in the murder case. They remained in the Davis County Jail until after their conviction on the murder charge.[1] Thereupon, on January 28, 1972, they were transferred to the Utah State Prison under life sentences. On February 22, 1972, defendant Weddle filed a request for disposition of charges within 90 days as provided in Sec. 77–65–1, U.C.A.1953.[2]

On March 8, 1972, defendants were brought before the Ogden City Court for arraignment. Their counsel moved to dismiss on the ground that they had not been brought before a magistrate without delay, which motion was granted. The following week, on March 15, 1972, a new complaint was filed charging them with the same offense. The next day, March 16th, they were again brought before the court for arraignment. Pursuant to their demand for a preliminary hearing, one was held on April 7th and they were ordered bound over to the district court for trial. May 2d, defendants filed motion to quash information. May 9th it was denied. May 15th, upon a trial to the court (defendants

---

1. Those cases are also currently on appeal in this court, State v. Weddle, Case #12928; State v. May, Case #13062.

2. See State v. Belcher, 25 Utah 2d 37, 475 P.2d 60, and State v. Bonny, 25 Utah 2d 117, 477 P.2d 147.

waived a jury) defendants were convicted of the crime of robbery.

The right to a speedy trial assured by our Constitutions [3] refers, of course, not to the speed at which a trial proceeds, but rather to the right of an accused to be brought to trial without undue delay. This is a right of ancient origin which arose because of abuses wherein people were kept in custody for unreasonable periods of time without trial and even without knowing what the charge may be against them. It is important as a safeguard against any abuse of that character. But in the absence thereof, it should not be extended as a mere abstraction of law in circumstances where there is no justification for its application.

The statement itself is general and there is no particular length of time which can be specified as a standard in all instances in order to avoid infringement of the right. The correct application of the principle depends upon the facts of each case.[4] The total picture should be looked at to see whether there has been any such abuse or imposition upon the accused as the provision was designed to protect against, so that he was prejudiced in having a fair trial and just treatment under the law. In making that determination, where there has been what may appear to be undue delay, it is important to consider whether or not there was justification for it including: (1) which party caused it; (2) whether it may have been wilful and/or for some improper purpose; (3) whether the defendant was aware of his rights; (4) whether he made known his desire for a speedy trial; (5) whether by words or conduct there was explicit or implicit waiver; and (6) whether the proceeding was completed as soon as reasonably could be done in the circumstances.

We turn to defendants' contentions in the light of the foregoing: It was through their own conduct that they were confined in the jail in Davis County awaiting trial for the crime of murder. In that proceeding they were represented by counsel. They had been served with warrants in this case and knew that it was pending against them. It is reasonable to assume that they knew of their legal rights. Nevertheless, it does not appear that they indicated any desire to expedite the proceedings in this case until the notice filed by defendant Weddle on February 22, 1972. We see nothing unreasonable about the Weber County authorities deferring to Davis County and not interfering therewith until that charge was disposed of. More importantly, we do not see how the defendants were in any way prejudiced by the delay

---

3. Art. I, Sec. 12, Utah Const.; Amendment VI, U.S.Const.

4. See Barker v. Wingo, 407 U.S. 514, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972); State v. Rasmussen, 18 Utah 2d 201, 413 P.2d 124.

which occurred. It is to be noted that when that proceeding was completed, and demand was made by the defendants, the proceedings in this case moved with reasonable expedition. There is certainly nothing made to appear which would warrant the abrogation of the serious charge of robbery of which the defendants stand convicted.

Affirmed. No costs awarded.

CALLISTER, C. J., and HENRIOD, ELLETT and TUCKETT, JJ., concur.