The STATE of Utah, Plaintiff and Respondent,

v.

Ralph LeRoy MENZIES, Defendant and Appellant.

No. 16323.

Supreme Court of Utah.

Oct. 9, 1979.

Brad Rich of Salt Lake Legal Defenders Assn., Salt Lake City, for defendant and appellant.

Robert B. Hansen, Atty. Gen., Craig L. Barlow, Asst. Atty. Gen., Salt Lake City, for plaintiff and respondent.

MAUGHAN, Justice:

This case is an appeal from a conviction for the crime of escape. On the evening of July 6, 1978 a count was made of the inmates in the "K" Dorm area of the Utah State Prison. It was discovered defendant was missing. No authorization had been given to defendant to leave the prison for any period of time. Defendant did not return to the prison until he was apprehended, and arrested on July 22, 1978.

On appeal defendant claims three points of error: (1) the verdict was not supported by the evidence; (2) he was denied the right to a speedy trial; and (3) prosecution and sentencing for the crime of escape constitutes double jeopardy, or double punishment for the same crime. We find each of these claims to be singularly without merit, and affirm the conviction. All statutory references are to Utah Code Annotated, 1953.

We start, of course, from the premise a jury verdict will be upheld unless the evidence is found to be so lacking and insubstantial reasonable men could not have reached the verdict rendered. See *State v. Logan,* Utah, 563 P.2d 811 (1977). The defendant points to no specific weaknesses in the evidence of the prosecution. Indeed, a careful review of the transcript of the trial discloses no such weaknesses. The facts which were before the jury were clear cut, e. g., was the accused serving a valid sentence? Had he been missing without authorization from the prison? The prosecution presented straight forward evidence from witnesses and documents which went virtually uncontroverted by the defendant. The evidence was clearly sufficient to support the verdict.

The defendant cannot seriously contend his right to a speedy trial was denied. Four and one-half months elapsed between the filing of the information, on August 31, 1978, and the date of trial, on January 15, 1979. During that period the date of trial was continued three times, twice on motion of the defendant. This Court held in *State v. Lozano,* 23 Utah 2d 312, 462 P.2d 710 (1969), that Section 77–18–8(6) (1953), which provides for a trial within 30 days after arraignment in criminal cases, is not mandatory but directory. In this case the slightly longer period which elapsed before trial neither inconvenienced nor prejudiced defendant. Nor did defendant object at the time to the delay; to the contrary, the trial was twice delayed upon his request.

As for the third claimed point of error, it is well established a defendant who is criminally prosecuted for escape from prison is not twice put in jeopardy, even though he is subject to discipline by the prison board for his attempted escape. *United States v. Lepiscopo,* 429 F.2d 258 (5th Cir., 1970); *Martz v. State,* Wyo., 566 P.2d 222 (1977).

Counsel requests permission to withdraw pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). It is granted.

CROCKETT, C. J., and HALL, WILKINS and STEWART, JJ., concur.